IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE SORIANO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No.  CIV-13-36-F |
| | ) |
| JUSTIN JONES, Director, | ) |
| Oklahoma Dep't of Corr. | ) |
| | ) |
|     Respondent.[1] | ) |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2254. Pursuant to an order entered by United States District Judge Stephen P. Friot, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and it is recommended that the petition be dismissed upon filing as untimely.

Petitioner challenges his convictions by a jury for unlawful delivery of a controlled dangerous substance (two counts), and trafficking in illegal drugs (two counts), for which he was sentenced to imprisonment for thirty years. Case No. CF-2008-187A, District Court of LeFlore County (June 18, 2009). Petition, 2; ECF No. 1, p. 1.  Petitioner

---

[1] The Court's docket identifies the Attorney General of the State of Oklahoma as a Respondent. However, because Petitioner is incarcerated in a private prison facility, Justin Jones is the state officer who has custody of Petitioner. The Attorney General of the State of Oklahoma does not have custody of Petitioner, and should be terminated as a Respondent. Rule 2(a), Rules Governing Section 2254 Actions in the United States District Courts.

filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed his convictions on February 16, 2011. Petition, 3; ECF No. 1, p. 2. *Soriano v. State*, 248 P.3d 381 (Okla. Crim. App. 2011) (Case. No. F-2009-579).

Petitioner did not file a petition for certiorari with the United States Supreme Court.  Petition, 3; ECF No. 1, p. 2. Petitioner did file an application for post-conviction relief on August 11, 2011, and the state district court denied the application on October 13, 2011. Petition, 4; ECF No. 1, p. 3. Petitioner appealed that denial, and the Oklahoma Court of Criminal Appeals affirmed on January 25, 2012.  Petition, 5; ECF No. 1, p. 4; Case No. PC-2011-982, Oklahoma Court of Criminal Appeals (attached to Petition as Ex. 1). The petition for federal habeas relief was filed in this Court on January 9, 2013. Petition, 2 ECF No. 1, p. 1.

Petitioner raises eight grounds for relief. First, he claims that the Oklahoma Court of Criminal Appeals committed fundamental error by not remanding with instructions to dismiss due to the trial court's failure to properly instruct on the defense of entrapment. Petition, 6; ECF No. 1, p. 5.  Second, he claims that the trial court erred by allowing the admission of inadmissible and highly prejudicial evidence in the form of an evidentiary harpoon by an experienced law enforcement officer. Petition, 7; ECF No. 1, p. 6. Third, he claims that the trial court erred in failing to admit as evidence the previous felony convictions of a confidential informant.  Petition, 9; ECF No. 1, p. 8. Fourth, Petitioner claims that the trial court erred in admitting his unreliable and unrecorded statement to law enforcement officers.  Petition, 11; ECF No. 1, p. 10. In Ground Five, Petitioner

2

claims prosecutorial misconduct deprived him of a fair trial. Petition, 13; ECF No. 1, p. 12. In his sixth ground, Petitioner claims that the cumulative effect of the above errors deprived him of a fair trial. Petition, 14; ECF No. 1, p. 13. Seventh, Petitioner alleges ineffective assistance of trial counsel. Petition, 16; ECF No. 1, p. 15. Eighth, and finally, Petitioner claims that the arrest warrant was fatally defective in that it was obtained by an agent acting outside the scope of his jurisdiction and authority. Petition, 17; ECF No. 1, p. 16.

## SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. This Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Report and Recommendation. When raising the issue *sua sponte*, the district court must also "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx.

860, 861 n.1 (10th Cir. Jan. 31, 2007) (unpublished op.). Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection

(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner's direct appeal was concluded on February 16, 2011, and thus the one-year limitation began to run on or about May 17, 2011, after the 90 day time period to file a petition for certiorari in the United States Supreme Court expired. *See* Petition, 2; 28 U.S.C. § 2101; *see also* Sup. Ct. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *Haws v. Jorgensen*, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). Thus, the limitations period expired on May 18, 2012, absent statutory or equitable tolling.

## STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Petitioner alleges that he filed a state post-conviction application on August 11, 2011, that was denied by the state district court on October 13, 2011, and affirmed by the Oklahoma Court of Criminal Appeals on January 25, 2012. Thus, the limitations period was tolled on August 11, 2011, and began to run

5

again on January 25, 2012, when the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief—for a total of 167 days. Thus, the limitations period, even with tolling, expired on July 10, 2012. Accordingly, even with this statutory tolling, the petition was filed almost six months after the limitation period expired.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v. Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978).

In response to the form petition's question regarding timeliness, Petitioner simply states "See Brief in Support above." The undersigned has reviewed the brief, and sees nothing addressing the timeliness of this Petition, much less an argument as to why the limitations period should be equitably tolled. However, even if Petitioner could show that he was unable to timely file due to extraordinary circumstances beyond his control, it is clear that he did not diligently pursue his federal claims. Petitioner waited almost a

6

full year after the denial of his state application for post-conviction relief to file this Petition. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). In light of this delay, equitable tolling is not appropriate. Accordingly, it is recommended that the petition be dismissed on filing as untimely.

In making this recommendation, the undersigned has considered whether the Petitioner is significantly prejudiced thereby and whether the interests of justice would be better served by addressing the merits of the petition. *See Day*, 547 U.S. at 210; *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). The undersigned finds no significant prejudice in that Petitioner's claims are of doubtful merit based on the deferential standard of review and the fact that almost all of the claims raise state law issues. Thus, the undersigned finds that the interests of justice are better served by a resolution based on the untimeliness of the petition.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 25, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal

questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of Court is hereby directed to send a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** March 6, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE