IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE SORIANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-13-36-F |
| | ) |
| JUSTIN JONES, Director DOC, | ) |
| | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation on March 6, 2013, wherein he recommended that petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus be dismissed as untimely filed. In the Report and Recommendation, Magistrate Judge Erwin specifically found that the applicable one-year limitations period for the filing of petitioner's habeas petition, with statutory tolling, expired on July 10, 2012 and that petitioner's habeas petition, which was filed on January 9, 2013, was filed almost six months after the limitation period expired. Magistrate Judge additionally found that equitable tolling was not appropriate in that defendant had not shown that he had diligently pursued his federal claims.

On that same date, Magistrate Judge Erwin issued a Supplemental Report and Recommendation, wherein he stated that the correct date for the expiration of the limitations period, with statutory tolling, was October 30, 2012.

Presently before the court is petitioner's objection and supplemental objection to Magistrate Judge Erwin's recommended rulings. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so,

the court concurs with Magistrate Judge Erwin that the applicable one-year limitations period, even with statutory tolling, expired prior to the filing of petitioner's § 2254 habeas petition on January 9, 2013.

In his supplemental objection, petitioner asserts that even if Magistrate Judge Erwin's Supplemental Report and Recommendation were correct, he should be excused for the delay in the timely filing of his petition due to institutional lockdowns he experienced. Petitioner alleges in a document attached to the supplemental objection, which he entitles "Motion for Enlargement," that his prison facility has had institutional lockdowns at least eight months out of the year for the past two to three years of his stay. He alleges that the facility uses a system which required him to request specific books to be delivered to his cell. This system, he alleges, made research very hard and time consuming. He also alleges that when the facility was not on lockdown during the four-month periods, he was only afforded one three and one-half hour per week of access to the law library. This, petitioner alleges, placed serious constraints on his ability to research and process his petition.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted). The court concludes that petitioner has not sufficiently demonstrated either requirement. Ordinarily, neither ignorance of the law nor limited access to materials and legal assistance supports a claim of equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] petitioner must diligently pursue his federal habeas claims; a

claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). The court recognizes that a complete denial of access to legal materials at a critical time may justify equitable tolling, *see,* United States v. Gabaldon, 522 F.3d 1121 (10th Cir.2008) (confiscation of prisoner's legal materials six weeks before a deadline and refusal to return them until two weeks after the deadline, despite prisoner's repeated requests for them, may have constituted an extraordinary circumstance for equitable tolling), petitioner, however, has not shown a complete denial of access to legal materials. It appears that even though petitioner was subjected to institutional lockdowns, he was able to request specific books delivered to his cell during that time. Moreover, petitioner had several months in which he was not subjected to institutional lockdowns and he has not shown why he could not file his petition during such time, particularly when the claims he is seeking to raise had been previously raised at the state level. *See,* Coppage v. McKune, 534 F.3d 1279, 1282 (10th Cir. 2008) (no extraordinary circumstances when prisoner had 50 days to file a habeas petition that required limited research because he could raise only issues previously submitted in state court). Equitable tolling is a "rare remedy", *see*, Wallace v. Kato, 549 U.S. 384, 396 (2007), and in the court's view, petitioner has not shown that he is entitled to such a remedy.

Based upon the foregoing, the court **ACCEPTS**, **ADOPTS** and **AFFIRMS** the Report and Recommendation (doc. no. 8) and the Supplemental Report and Recommendation (doc. no. 9) issued by United States Magistrate Judge Shon T. Erwin.

Petitioner, Jose Soriano's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed January 9, 2013 (doc. no. 1) is **DISMISSED** as untimely filed.

Judgment shall issue forthwith.

DATED April 10, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0036p002.wpd